UNITED STATES DISTRICT
FOR THE DISTRICT OF RHODE ISLAND

FILED
FEB 21 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
vs. ) CR 05-138ML
)
ROBERT G. PALARDY )
)

## MOTION FOR DISCOVERY AND DISCLOSURE

Defendant by his counsel, hereby moves pursuant to Federal Rules of Criminal Procedure 12 (d) (2) 16 and 11, Federal Rules of Evidence, and Sections 2510-2520, 3500, of Title 18 United States Code and Fourth, Fifth and Sixth Amendments to the United States Constitution, for an order granting discovery as follows:

## I
## FEDERAL RULES OF CRIMINAL PROCEDURE
## RULE 12 (d) (2), 16

1. Electronic Surveillance: Disclosure of the date, nature and circumstances of the acquisition of any evidence intended to be used in this prosecution derived, directly or indirectly, from any search and seizure, identification procedure, electronic surveillance, interrogation, mail cover, and use of any form of civil investigative demand.

2. Statements of Defendant:

A. Defendant requests inspection and copying of any relevant written or recorded statements made by him, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence, may become known to any attorney for the government; the substance of any oral statements made by him which the government intends to offer in evidence at the trial and which were made in response to interrogation by any person then known to the defendant to be a government agent. Rule 16) a_ (1) (A), F.R. Crim.P.

Defendant further requests inspection and copying of all written, recorded or oral statements, by whomever made, which the government will seek to attribute to him. Should the government seek to hold this defendant to the statements of others, the statements become "“statements made by the defendant" within Rule 16 (a) (1) (A). In this category, the defendant includes statements made by his agents, employees and alleged co-

Granted. The government has already provided all discovery.
Mary M. Lisi USDJ 3/8/06

conspirators and their agents' and employees' adoptive admissions and all other vicarious utterances.

Defendant further requests inspection and copy of the substance of any oral statements made by him to persons who elicited the statements at the request of agents of the government, and which the government intends to offer in evidence at trial. In this category, the defendant includes recorded telephone conversations in which a party to the conversation consented to the recording.

B. The defendant's prior criminal record.

C. Copies of all books, papers, and documents which are within the possession, custody or control of the Government and all documents which were obtained by the government directly or through the use of an intermediary, including agents of the State of Rhode Island, informants, cover law enforcement agents or the agents o any other Federal, State, or local Governmental agency.

This request further encompasses all copies of any documents described in Rule 16, regardless of whether the copying is by a photographic or electronic process; that is, defendant requests those copies which have been encoded by the government and appear in data processing storage devices or other data banks.

D. <u>Reports of Examination and Tests</u>

1. Defendant moves the Court for the entry of an order requiring the government to permit defendant to inspect and copy, prior to trial, any results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the government, and which are intended for use by the government as evidence-in-chief at the trial. Rule 16 (a) (1) (D), F.R. Crim P. Without limitation, defendant requests that the government be required to disclose the following:

(a) All psychological tests performed upon any government witness, whether or not such tests were performed at t he request of the government and whether or not such tests were performed at a government facility. The movant includes in his motion, tests, which were performed by prison personnel.

(b) All handwriting samples and opinions of handwriting experts, upon which the government will rely, which are exculpatory of the defendant.

(c) All reports regarding voice comparison and analysis.

(d) All fingerprint samples, comparisons and opinions of fingerprint experts, upon which the government will rely, which are

material to the defense of this cause, or which are exculpatory of the defendant.

(e) All evidence in the government's possession that any person in connection with the investigation, including, but not limited to persons whom the government intends to call as witnesses, underwent any polygraph examination, psychological stress evaluation, hypnosis or any other scientific procedure devised to determine whether a subject is telling the truth; all evidence in the possession of the government that any co-defendant, alleged co-conspirators, or other person allegedly associated in any way with any defendant on trial submitted to a polygraph examination for the purpose of determining whether such person was being truthful concerning any matter relevant to this indictment.

3. Statement of Co-conspirators: The defendant moves for the production of all statements as defined by the Rule, of co-conspirators whether indicted or not.

4. Disclosure of Bad Acts: Defendant moves that this court order the government to disclose to the defendant the following:

A. The substance of any prior or subsequent bad acts or convictions of the defendant not charged in the indictments, if any, concerning which the government intends to offer evidence during any portion of the instant indictment, including a description of the conduct and the date and place thereof.

B. The names and addresses of all witnesses intended to be called by the government to offer such evidence; and;

C. Any reports or statements of such witness.

5. Exculpatory Evidence in Possession of Government

A. Defendant demands that the government furnish him with names, addresses, and statements, if any, of all persons who either directly or indirectly participated in any of the events alleged in the indictment.

B. Defendant further demands that the government furnish him with all statements given to government agents by persons who either died or became otherwise unavailable from the date of the inception of this investigation until the date of the indictment in the within case, so that defendant may determine whether the government profited from pre-indictment delay.

C. Defendant demands all statements in the possession of the government, which would tend to impeach the credibility of any witness upon whom the government intends to rely upon the trial including, but

not limited to statements which contradict other statements by these and other persons.

D. Defendant asserts that in the context of this prosecution, the government is in the exclusive possession of exculpatory evidence which defendant can obtain only if this motion is granted.

E. The names of all persons who either directly or indirectly were offered some inducement by an agent of the government in return for testimony in this cause, regardless of whether the inducement was offered to the person directly or through a lawyer, whether it was in the form of a threat or a promise whether the offer was accepted or rejected or whether the government intends to call the person as a witness or not. By "inducement" is meant all things of value to the person sought to be induced , including, but not limited to, the following:

(a) Threats to prosecute for crime.
(b) Threats to investigate for crime.
(c) Threats to deprive of income, profession or reputation.
(d) Threats to injure either the person himself or any other person.
(e) Threats to increase sentence in pending prosecution or conviction.
(f) Threats to inform judges of lack of cooperation.
(g) Threats to inform others of misconduct.
(h) Promises of immunity from prosecution.
(i) Promises of reduce the number or seriousness of pending or proposed charges.
(j) Promises of leniency or promises to recommend leniency in federal and state prosecution.
(k) Promises of fees, compensation, expenses or negotiable paper.
(l) Promises of protection for self; family, or others.
(m) Promises of adjustments to income taxes, or accrued interest or penalties.

## II
## FEDERAL RULES OF CRIMINAL PRODEDURE: RULE 41 SEIZURES OF EVIDENCE

1. Whether any evidence in its possession concerning this defendant was acquired by a search and seizure by federal agents or by persons acting at the behest of federal agents, a description of this evidence; the date(s) on which such search(es) and seizure(s) occurred, whether executed pursuant to warrant and if so, whether copies of affidavit(s) in support thereof will be made available to defendant for inspection and copying.

2. Whether any evidence in its possession concerning this defendant was obtained by any form of electronic surveillance or interception, and a description of this evidence (other than that information disclosed as of this date).

3. Whether any evidence in its possession concerning this defendant was acquired by means of a mail cover, and description of this evidence.

4. Whether any property, tangible or otherwise, owned by this defendant, or previously in his possession, was obtained by the government by any means other than a subpoena duces tecum, and description of this property.

5. Whether any document and papers were directly obtained from this defendant, and a description of the documents and papers, the date and place they were obtained, and the means by which they were obtained.

6. Whether any documents related to this case were obtained by the government by subpoena duces tecum, search warrant, or written request, and a description of these documents.

7. Whether the defendant was subject to the interception of messages which are transmitted by means of private courier, common carrier, telephone, telex, TWX or radio, and a description of the communication, the means of interception.

## III
## FEDERAL RULES OF EVIDENCE

A. Statements

Defendant, pursuant to the provisions of Rule 104, Fed. R. Evid. And defendant's right to effective representation by counsel and a fair trial moves that the prosecution be required to disclosed whether it intends to offer in its case-in-chief, as a statement by defendant, any of the following:

a. Any statement by the defendant in his representative capacity. Rule 801 (d) (2) (A),
b. Any statement of which the defendant manifested his adoption or belief in its truth. Rule 801 (d) (2) (C).
c. Any statement made by another, which was purportedly authorized by this defendant. Rule 801 (d) (2) (C).
d. Any statement by an agent or servant of defendant concerning a matter within the scope of his agency or employment and made during the existence of such relationship. Rule 801 (d) (2) (D).

B. Records

The defendant further moves this Honorable Court to require the prosecution to disclose whether it intends to offer upon the trial any of the following evidence:

(a) Recorded recollection. Rule 803 (5).
(b) Records of regularly conducted activity. Rule 803(6).
(c) Absence of entries. Rule 803(7).
(d) Public records and reports. Rule 803(8).
(e) Absence of public record. Rule 803 (9).
(f) Other exceptions under Rules 803 (24) and 801 (b) (1)-(5).

C. Learned Treaties
Defendant further requests that the government inform him if it intends to rely upon the learned treaties. Rule 803 (18).

D. Judicial Notice
Defendant further requests that the government inform him whether it will ask the Court to take judicial notice of matters relevant to the government's case. Rule 201.

E. Other Crimes
Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 404(b), Federal Rules of Evidence, defendant requests disclosure of all similar crimes, wrongs or acts allegedly committed by this defendant, upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identify or absence of mistake or accident.

F. "Persons to the Grand Jury Unknown"
Defendant further moves that the government be required to inform him of those persons who at trial will be alleged to be unindicted co-conspirators but were "persons to the grand jury unknown" at the time of the return of this indictment.

G. Impeachment by Specific Instances of Conduct
Defendant, pursuant to the provision of the Fifth and Sixth Amendments to the United States Constitution and Rule 608 (d), Federal Rules of Evidence, moves this Honorable Court to require the government to disclose whether the defendant should testify in his own behalf, the government will attempt to rely upon specific instances of conduct for the purpose of impeachment.

H. Impeachment of Hearsay Declarants

Defendant, pursuant to the provisions of the Fifth and Sixth Amendments to the United States Constitution and Rule 806 of the Federal Rules of Evidence, Moves this Honorable Court to require the government to furnish any evidence in its possession tending to impeach the credibility of any hearsay declarant upon whose statements the government intends to rely. Defendant asserts that hearsay declarants who are charged in this indictment, as well as uncharged hearsay declarants, fall within the ambit of Rule 806.

I. Impeachment of Government Witnesses

Pursuant to the provisions of t he Fifth and Sixth Amendments to the United States Constitution and Rule 405, Federal Rules of Evidence, defendant moves this Honorable Court to require the government to disclose evidence in its possession concerning persons it intends to call as witnesses at trial of the following tenor:

(a) Each specific instance of conduct from which it could be inferred that the person is untruthful. Rule 405.

(b) All evidence in the possession of the government from which it could be inferred that the person has a reputation for untruthfulness or for shifting his own blame upon other persons. Rule 803 (21).

(c) All evidence that the person has a habit of attempting to secure an advantage for himself by the use of innocent persons to further an unlawful scheme or plan. Rule 406.

Respectfully submitted,
Robert G. Palardy
By his Attorney,

Terence Livingston, Esq.
681 Smith Street
Providence, RI 02903
(401) 861-8121

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within Motion for Discovery and Disclosure was mailed postage prepaid to: James Leavy, Assistant U.S. Attorney, U.S. Attorney's Office, Fleet Center, 8th Floor, 50 Kennedy Plaza, Providence, R.I. 02903 on this 17th day in February 2006.